```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VAUGHN JASON BURLEIGH,

          Plaintiff,

- v. -

NANCY A. BERRYHILL,
ACTING COMMISSIONER
Social Security Administration,

          Defendant.

**ORDER**

16 Civ. 4585 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Vaugh Jason Burleigh filed this action on June 16, 2016, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration denying him Supplemental Security Income ("SSI") benefits on the ground that he was not disabled.[1] (Dkt. No. 1) On July 15, 2016, this action was referred to Magistrate Judge James C. Francis IV for a Report and Recommendation ("R&R"). (Dkt. No. 7) On February 6, 2017, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 14), and Defendant filed a cross-motion for judgment on the pleadings on April 7, 2017. (Dkt. No. 16)

      On July 14, 2017, Judge Francis issued an R&R recommending that this Court remand the matter to the Commissioner for further proceedings.[2] (R&R (Dkt. No. 19)) The R&R recites the requirement that the parties must file objections within fourteen days of service,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Berryhill is hereby substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this action.

[2] The case has since been reassigned to Magistrate Judge Robert W. Lehrburger.

pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "[f]ailure to file timely objections will preclude appellate review." (Id. at 36-37; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations")) No objections to the R&R have been filed by either side.

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). Because no objections have been filed, this Court will review the R&R for clear error.

Having conducted a review of the 37-page R&R, the Court finds that the R&R is not clearly erroneous and, in fact, is extremely thorough, well-reasoned, and entirely in conformity with the law.

Judge Francis recommends that the case be remanded to the Commissioner because the administrative law judge ("ALJ") did not satisfy his duty to develop the administrative record. (R&R (Dkt. No. 19) at 30-33) "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the

2

administrative record." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). "This duty exists even when the claimant is represented by counsel." Id. To satisfy this duty, "[a]n ALJ is not required to attempt to obtain additional evidence to fill any gap in the medical evidence; rather[,] an ALJ is required to do so only where the facts of the particular case suggest that further development is necessary to evaluate the claimant's condition fairly." Francisco v. Comm'r of Soc. Sec., No. 13 Civ. 1486 (TPG) (DF), 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015). "Remand is appropriate where this duty is not discharged." Craig v. Comm'r of Soc. Sec., 218 F. Supp. 3d 249, 262 (S.D.N.Y. 2016).

Here, Judge Francis finds that the ALJ failed to properly develop the administrative record, electing instead "to accord significant weight to the opinions of Dr. [James W.] Todd [regarding the baseline severity of Plaintiff's impairments] without ordering the additional testing Dr. Todd said was required for him to form opinions as to the severity of [Plaintiff]'s impairments." (R&R (Dkt. No. 19) at 32 (internal quotation marks and citation omitted)) Dr. Todd indicated stated that the evidence furnished to him was not "sufficient . . . to allow [him] to form an opinion about the nature and severity of the claimant's impairment(s) during the relevant time period," and that he required the results of a "6 minute walking test" before he could offer such an opinion. (See Dkt. No. 10-5 at 82) The ALJ acknowledged that "Dr. Todd suggested additional testing" that had not been performed, but nonetheless "g[a]ve significant weight to the opinions of Dr. Todd." (Dkt. No. 10 at 28)

Judge Francis concludes that, "[b]y not getting the testing Dr. Todd stated he required to establish the severity of [Plaintiff]'s impairments, but still relying on Dr. Todd's opinion to establish that severity, the ALJ committed reversible error." (R&R (Dkt. No. 19) at 33) This Court agrees with Judge Francis's analysis and recommendation. As Judge Francis

3

observes, "[i]t defies logic for an ALJ to rely on a physician's opinion to establish the severity of a claimant's impairments when the physician himself states that the evidence he was given was insufficient to establish the severity of such impairments." (R&R (Dkt. No. 19) at 33)

## **CONCLUSION**

For the reasons stated above, the R&R's recommendations are adopted in their entirety. The Clerk of the Court is directed to remand the matter to the Commissioner of Social Security and to close this case.

Dated: New York, New York
March 23, 2018

SO ORDERED.

Paul G. Gardephe
United States District Judge